UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD. and RIVERSIDE PLYWOOD CORP., | : : : : |
| Plaintiffs, | : : |
| v. | : : Court No. 24-0106 |
| UNITED STATES, | : : |
| Defendant. | : : : |

**COMPLAINT**

Plaintiffs Baroque Timber Industries (Zhongshan) Co., Ltd. ("Baroque") and Riverside Plywood Corp. ("Riverside") (collectively "Plaintiffs"), by and through undersigned counsel, hereby allege and state as follows:

**ADMINISTRATIVE DECISION TO BE REVIEWED**

1. Plaintiffs seek review of the final results of the U.S. Department of Commerce, International Trade Administration's ("the Department") eleventh administrative review of the countervailing duty ("CVD") order multilayered wood flooring from the People's Republic of China (C-570-971), which was published as *Multilayered Wood Flooring from the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2021*, 89 Fed. Reg. 41,939 (May 14, 2024) ("Final Results"), and the accompanying Issues and Decision Memorandum ("IDM").

## JURISDICTION

2.     This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(iii). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFF

3.     Plaintiffs are Chinese producers and exporters of certain multilayered wood flooring ("MWLF" or "subject merchandise") from the People's Republic of China ("China"). Plaintiffs participated in the Department's administrative review proceeding that resulted in the challenged determination as mandatory respondents and are subject to the Department's Final Results. Therefore, Plaintiffs are interested parties as described in section 771(9)(A) of the Tariff Act of 1930 (the "Act"), as amended 19 U.S.C. § 1677(9)(A), and have standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

4.     Section 516A(a)(2)(A)(i) of the Act requires that, in actions challenging the Department's determinations pursuant to section 516A(a)(2)(B)(iii) regarding administrative review, the summons must be filed within 30 days of the date of publication in the Federal Register of the notice of determination. 19 U.S.C. § 1516a(a)(2)(A)(i). The Department published its Final Results of the administrative review on May 14, 2023.

5.     This action was commenced within 30 days of the date of publication of the Department's Final Results through the filing of a Summons on June 13, 2024. This Complaint is being filed within 30 days of the filing of the Summons[1]. Thus, the Summons and Complaint

---

[1] The 30th day, July 13, 2024, was a Saturday and this Complaint is being filed the next business day.

have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of the Court's Rules.

## BACKGROUND

6.     The Department issued its countervailing duty order on multilayered wood flooring from China on December 8, 2011. *Multilayered Wood Flooring from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 76,692 (Dec. 8, 2011).

7.     On February 2, 2023, the Department initiated its administrative review of the CVD order on MLWF from China, covering the period of review ("POR") from January 1, 2021 through December 31, 2021. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 7,060 (Feb. 2, 2023).

8.     Subsequent to the initiation of the review, by memorandum dated April 3, 2023, the Department selected Plaintiff Riverside and one other Chinese manufacturer/exporter, Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. ("Senmao"), as mandatory respondents to individually investigate in the review. On April 3, 2023, the Department issued its initial CVD questionnaire to these companies.

9.     Riverside (and its cross-owned affiliate, Baroque) timely filed their response to the affiliation portion of the Department's initial CVD questionnaire on April 17, 2023, and on May 26, 2023, timely filed the remainder of their response to the Department's initial questionnaire, identifying subsidy programs from which the companies received benefits during the POR.

10.    Plaintiffs timely responded to all additional supplemental questionnaires issued by the Department to the companies.

11. Plaintiffs submitted timely factual information on November 15, 2023, (refiled on December 5, 2023) for the Department's use in the valuation of the benchmarks under the applicable less than adequate renumeration subsidy programs (19 C.F.R. § 351.511) for reported plywood, veneer, fiberboard, paint/stain, and adhesive/glue purchases, including monthly ocean shipping rates. Rebuttal benchmark information was filed on November 27, 2023, in response to the benchmark data submitted by Petitioners. In its benchmark submission, Plaintiffs submitted information such as certifications from its glue and plywood suppliers and safety data sheets for its glue and paint, confirming the type of glue, paint, and plywood used.

12. The Department published its Preliminary Results of the administrative review on December 28, 2023. *Multilayered Wood Flooring from the People's Republic of China: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2021*, 88 Fed. Reg. 89,664 (Dec. 28, 2023) ("Preliminary Results"), along with its accompanying Preliminary Decision Memorandum.

13. In its Preliminary Results, the Department preliminarily found that Plaintiffs had received countervailable benefits during the POR, calculating a preliminary CVD rate of 23.65% for the companies.

14. On February 20, 2024, Plaintiffs filed their administrative case brief challenging certain decisions and findings in the Department's Preliminary Results, including, among other things that: (1) the Department should adjust its calculation of the benchmark for plywood and veneers using International Tropical Timber Organization ("ITTO") grade prices only, rather than a combination of ITTO and UNComtrade data; (2) The Department Should Reject Petitioner's ITTO Export Data for the Veneer and Plywood Benchmarks; (3) The Department Should Remove the Bamboo Plywood HTS (4412.10), Tropical Wood Plywood HTS (4412.31) and

Battenboard HTS (4412.94) from the Plywood Benchmark; (4) The Department Should Remove Descartes Data from the Ocean Freight Rates Applied to the Various LTAR Benchmarks; (5) the Department should reverse its adverse facts available ("AFA") finding that certain of Plaintiffs' input suppliers were government authorities; and (5) the Department should not countervail loans from non-Chinese owned banks

15.     Plaintiffs filed their rebuttal brief on February 20, 2024, rebutting Petitioner's arguments, which primarily related to the use of International Tropical Timber Organization's ("ITTO") Tropical Timber Market Report ("TTMR") for certain input benchmarks and Freightos Ocean Freight rates used in the preliminary results.

16.     On May 14, 2024, the Department published its Final Results, assigning Plaintiffs a final CVD rate of 30.85%. 89 Fed. Reg. 41,940.  In these Final Results, the Department accepted some of Plaintiffs' arguments and rejected others.  Specifically, the Department (1) rejected Plaintiffs' arguments that ITTO TTMR should be the only source to value the benchmarks for plywood and veneer; (2) rejected Plaintiffs' argument that AFA was not applicable and that substantial evidence demonstrated that certain of Plaintiffs' input suppliers were not government authorities. In addition to rejecting Plaintiffs' argument, Commerce accepted Petitioner's argument to reject the ITTO TTMR benchmarks and Freightos ocean freight values.

## STATEMENT OF CLAIMS

### COUNT ONE

17.     Paragraphs 1 to 15 are adopted and incorporated herein by reference.

18.     In its Final Results, the Department rejected Plaintiffs' arguments that the Department should rely only on grade C/CC ITTO TTMR data to value the plywood benchmark under 19

5

C.F.R. § 351.511(a)(2)(ii), and determined instead (a) to entirely reject all of the more specific ITTO TTMR data, rather than average it with UNComtrade data, and (b) to rely only on the UNComtrade data to value this input. IDM at Cmt. 5.

19.     In making this determination, the Department did not appropriately consider substantial record evidence that Plaintiffs only purchased and used grade C/D plywood during the POR and, thus, the Department should have compared the ITTO TTMR grade specific prices to Plaintiffs' purchases rather than using UNComtrade data in benchmark, which contained all different grades of plywood (*i.e.*, grades A to D).

20.     Pursuant to 19 U.S.C. § 1677(5)(E)(iv), 19 C.F.R. § 351.511(a)(2)(ii), and long-standing Department practice, the Department is required to calculate benchmarks using the most product-specific world price possible.

21.     The failure to not use the most product specific benchmark for plywood results in the Department's findings and calculations being unsupported by record evidence and not in accordance with the law.

## COUNT TWO

22.     Paragraphs 1 to 20 are adopted and incorporated herein by reference.

23.     In its Final Results, the Department accepted Petitioners' arguments that the Department should not use the more specific ITTO TTMR data to value the plywood, fiberboard and veneer benchmarks under 19 C.F.R. § 351.511(a)(2)(ii), and to rely only on the UNComtrade data to value these inputs. IDM at Cmt. 5.

24. In making this determination, the Department rejected the long-standing precedent and prior practice from the multiple prior reviews in which Commerce included the ITTO TTMR data in its benchmark averaging calculation. 19 C.F.R. § 351.511(a)(2)(ii).

25. The exclusion of the ITTO TTMR data from the benchmark averaging calculation in the Final Results was not supported by record evidence and was not in accordance with the law.

## COUNT THREE

26. Paragraphs 1 to 24 are adopted and incorporated herein by reference.

27. In its Final Results, the Department used Petitioners' Descartes ocean freight data to value the ocean freight component of the Tier 2 benchmarks under 19 C.F.R. § 351.511(a)(2)(ii), rejecting the use of Plaintiffs' Freightos freight data. IDM at Cmt. 8.

28. The Department's findings and calculations with regard to the Freightos and Descartes data was not consistent with Commerce's long-standing prior practice, or was otherwise supported by record evidence and was not in accordance with the law.

## COUNT FOUR

29. Paragraphs 1 to 27 are adopted and incorporated herein by reference.

30. In its Final Results, the Department applied AFA to the Government of China ("GOC") for the failure to cooperate and provide information sufficient for the Department to determine whether Plaintiffs' input suppliers were government authorities. IDM at Cmt. 4.

31. As AFA, the Department considered all of Plaintiffs' input suppliers to be government authorities, thereby countervailing all input purchases from these suppliers.

32. In making this determination, the Department ignored record evidence that certain of Plaintiffs' suppliers that were wholly owned by individuals were not government authorities.

33.     The Department's AFA finding was therefore unsupported by substantial evidence and not in accordance with the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

(a)     hold that the Department's Final Results are unsupported by substantial evidence and otherwise not in accordance with law;

(b)     remand the Final Results with instructions to issue a new determination that is consistent with the Court's decision; and

(c)     provide such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    GRUNFELD, DESIDERIO, LEBOWITZ
    SILVERMAN & KLESTADT LLP

    /s/ Andrew T. Schutz
    Andrew T. Schutz
    Francis J. Sailer
    Jordan Kahn
    Michael S. Holton

Dated:  July 15, 2024